UNITED STATES of America,
Plaintiff,

v.

AMERICAN HONDA MOTOR COM-
PANY ct al., Defendants.

Crim. No. 8890.

United States District Court

S. D. Ohio, E. D.

Aug. 2, 1968.

As Amended Oct. 3, 1968.

Robert M. Draper, U. S. Atty., Lester P. Kauffman, Anti-Trust Division, Dept. of Justice, Cleveland, Ohio, for plaintiff.

Lyon & Lyon, Roland Smoot and James Short, Los Angeles, Cal., for defendant.

## MEMORANDUM AND ORDER

KINNEARY, District Judge.

This matter is before the Court on the motion of defendant, American Honda Motor Company, (hereafter American Honda), to dismiss the indictment filed herein. The motion is filed pursuant to Rules 12(b) (1) and 12(b) (4), Federal Rules of Criminal Procedure; and alleges the defenses of double jeopardy and the denial of due process in violation of the Fifth Amendment to the United States Constitution. Additionally, in a memorandum filed April 15, 1968, American Honda raised the defense of *res judicata*. The basis for this contention is the fact that on September 1 and September 19, 1967 respectively, the United States District Court for the Northern District of California and the United States District Court for the Northern District of Illinois rendered opinions in cases similar in all respects to the instant action sustaining Honda's

motions to dismiss those indictments as they pertained to Honda.[1]

American Honda is a wholly owned subsidiary of Honda Motor Company, Limited, of Japan and is a corporation organized and existing under the laws of the State of California, having its principal office in that state. American Honda also maintains an office in Columbus, Ohio.

The indictment filed in this action charges the defendants with a conspiracy to violate Section I of the Sherman Act. Specifically it charges that American Honda, the other defendants and co-conspirators have engaged in a combination and conspiracy in unreasonable restraint of interstate and foreign trade and commerce in Honda motorcycles and parts in the State of Ohio.

American Honda's defenses are based on its conviction upon its plea of *nolo contendere* and payment of a fine under an indictment charging a conspiracy in the Greater Los Angeles area, and upon the subsequent decisions sustaining its motions to dismiss in Chicago and San Francisco.

 If defendant's plea of *res judicata* is sustained, a determination of the merits of the defenses of double jeopardy and denial of due process will be unnecessary; therefore, the Court first turns to a determination of that issue.

The principle of *res judicata:*

* * * is that a right, question or fact distinctly put in issue and directly determined by a court of competent jurisdiction, as a ground of recovery, cannot be disputed in a subsequent suit between the same parties or their privies; and even if the second suit is for a different course of action, the right, question or fact once so determined must, as between the same parties or their privies, be taken as conclusively established, so long as the judgment in the first suit remains unmodified. United States v. Munsingwear, 340 U.S. 36, 38, 71 S.Ct. 104,

105, 95 L.Ed. 36 (1950), quoting Southern Pac. R. Co. v. United States, 168 U.S. 1, 18 S.Ct. 18, 42 L.Ed. 355 (1897).

This principle has developed and been maintained because in the words of Justice Story:

It is for the public interest and policy to make an end to litigation * * * so that * * * suits may not be immortal while men are mortal. Ocean Ins. Co. v. Fields, 18 Fed.Cas. p. 532.

*Res judicata* applies equally to criminal and civil actions, and operates to conclude those matters in issue which the decision determined though the offenses be different. Sealfon v. United States, 332 U.S. 575, 68 S.Ct. 237, 92 L.Ed. 180 (1948). Further, when confronted with an adjudication which, on principles of *res judicata*, is binding, a federal district court has no right to inquire into the facts and to pass on the merits of the prior determination. Brothers, Inc. v. W. E. Grace Mfg. Co., 320 F.2d 594, 606 (5th Cir. 1963). With these principles in mind, we turn to a consideration of the two prior decisions which are the basis for the assertion of *res judicata*.

Judge Sweigert, in United States v. American Honda Motor Co., 271 F.Supp. 979, 981 (N.D. Calif.1967), determined that the basic question pending before him was:

* * * whether the conspiracy charged in the pending indictment is part of a single nationwide conspiracy (for which American Honda has already been convicted and punished in the Los Angeles case and for which it stands presently indicted in the Illinois and Ohio cases) or is a separate conspiracy entered into by defendant Honda with the co-defendants herein.

In dismissing the indictment as to American Honda, the Court found not several conspiracies, but a single nationwide conspiracy in which the dealers in all the areas involved, (Greater Los Angeles Area, San Francisco Bay area,

---

1. i. e., in Chicago and San Francisco, American Honda defended on the grounds of double jeopardy and denial of due process.

Chicago area and Ohio area) had a *common, continuing objective of fixing, maintaining and stabilizing the retail prices of the product in all areas on a virtually nationwide scale*. (Emphasis in original.) It is to be noted that this determination was made following an evidentiary hearing and after each side had indicated that they had no further evidence to present. Id. at 981.

The issue presented in the Chicago case is similar in all respects to that presented in the San Francisco case. There Judge Will stated the issue to be:

> whether the record presented by defendant American Honda is sufficient to meet its burden of establishing that it and the dealers in all the areas involved had a *common, continuing objective of fixing, maintaining and stabilizing the retail prices of the product in all areas on a virtually nationwide scale*. United States v. American Honda Motor Co., 273 F. Supp. 810, 816 (N.D. Ill.1967). (Emphasis in original.)

The Chicago Court found that American Honda had met its burden and that the conspiracies charged in Los Angeles, San Francisco, Chicago and Ohio were not several but were fragments of one conspiracy; and, therefore, double jeopardy applied.

The government contends vigorously that *res judicata* is not applicable because the issues involved in the Chicago and Los Angeles cases are not the same as those involved here. It is difficult to understand how the government could so contend. In those cases and in the instant case, practically identical motions were filed by American Honda. The motions consistently have alleged that there was but one conspiracy. The government has just as consistently argued that there were several. The issues are the same. They have been determined in favor of American Honda and remain unmodified, the government having chosen not to appeal.

Next, the government alleges that a determination of the purpose and intent of the Ohio defendants was neither essential nor necessary to the decisions of the Chicago and San Francisco decisions. Assuming that the term "Ohio defendants," as used by the government, means American Honda as well as the remaining defendants who reside in Ohio, the argument cannot stand. Having supposited the issues as they did, the Chicago and San Francisco courts necessarily considered the purpose and intent of American Honda with respect to the other Ohio defendants.

Finally, the government contends that it can present facts to substantiate its claim that American Honda's activities in the Ohio area differ from its activities in Chicago, Los Angeles and San Francisco. It is alleged that the facts will demonstrate that there are indeed separate conspiracies. The Court's answer to this is, and must be, that if those facts exist they should have been produced in San Francisco and Chicago when the questions were presented by American Honda's motions. Twice, this issue—single or multiple conspiracies—has been before a district court. Twice, the government has lost and has failed to appeal. Now, the government tells this Court that it can produce facts to demonstrate that those prior decisions were erroneous. If those facts had been before the courts in Chicago and San Francisco, then the applicability of *res judicata* is evident. However, if the government intentionally failed to produce their evidence in the prior cases then, as stated by Justice Douglas in United States v. Munsingwear, supra:

> The case is therefore one where the United States, having slept on its rights, now asks us to do what by orderly procedure it could have done for itself. The case illustrates not the hardship of *res judicata* but the need for it in providing terminal points for litigation.

The motion to dismiss as to American Honda is

Granted.